# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF
# FRANKLIN COUNTY, OHIO

| | |
|---|---|
| **Woodrun Place Unit Owners' Association**<br>2363 McCauley Court<br>Columbus, Ohio 43220 | Case No.<br><br>Judge |
| Plaintiffs, | **PLAINTIFF'S COMPLAINT** |
| v | Anthony A. Remick (0100812)<br>Timothy D. Johnson (0098515) |
| **Greater New York Insurance Companies**<br>200 Madison Avenue<br>New York NY 10016 | **SMITH JADIN JOHNSON, PLLC**<br>7900 Xerxes Ave South, Suite 2020<br>Bloomington, MN 55431<br>Telephone: (952) 388-0289 |
| Defendant. | Facsimile: (612) 235-7927<br>Attorneys for Plaintiffs<br>Woodrun Place Unit Owners' Association |

## COMPLAINT

Now comes the Plaintiff, Woodrun Place Unit Owners' Association, by and through its counsel, and for its Complaint states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Woodrun Place Unit Owners' Association (hereinafter "Plaintiff") is a non-profit corporation in the State of Ohio generally located at and around 2363 McCauley Court, Columbus, Ohio 43220 (the "Property") in Franklin County Ohio.

2. Defendant, Greater New York Insurance Companies (hereinafter referred to as "Defendant"), is a domestic insurance company and is authorized to and conducting business in the State of Ohio, including Franklin County, Ohio.

3. On or about December 11, 2021 ("the Loss"), a severe weather-related event caused substantial damage to Plaintiff's Property.

4. At all times relevant hereto, Plaintiff maintained a Policy of insurance with Defendant ("the Policy"). (Attached hereto).

5. The Policy provides coverage for, among other things, damage caused by wind and hail.

6. At the time of the Loss, the Policy was in full force and effect.

7. Plaintiff has performed all necessary requirements under the Policy including but not limited to timely payments of insurance premiums.

8. Plaintiff has performed all necessary requirements under the Policy to trigger Defendant's obligation to indemnify Plaintiff for the Loss of the Property sustained.

9. Plaintiff intends to repair the Property to restore it from the damage sustained as a result of the Loss but is unable to do so until the amount of Loss is established, and the claim dispute is resolved.

10. Plaintiff timely submitted an insurance claim and Defendant assigned Claim No. XXXXXXX1-01 to the claim. Defendant also assigned an adjuster to adjust the claim.

11. Thereafter, GNY wrongfully denied Plaintiff's claim, undervalued the claim, and refused to issue a full and fair payment for the covered loss as was owed under the Policy.

12. Plaintiff demanded the parties resolve the disputed amount of Loss by appraisal, an alternative dispute resolution mechanism provided for by the Policy.

13. GNY has refused to proceed with appraisal.

14. The property is located in Franklin County and therefore the Court of Common Pleas of Franklin County, Ohio has judication over this matter and is the proper venue.

**COUNT ONE: BREACH OF CONTRACT**

15.     Plaintiff hereby incorporates by reference paragraphs one through fourteen as though fully rewritten herein.

16.     At all times relevant to this cause, Plaintiff and Defendant were parties to a valid and enforceable contract—the Policy.

17.     Plaintiff has performed all necessary requirements under the Policy including but not limited to timely payments of insurance premiums.

18.     Defendant has failed and refused to properly adjust the loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the December 11, 2021 storm.

19.     Defendant has breached the Contract by its failure to properly adjust the loss and pay amounts owed under the Policy.

20.     Defendant has also failed to participate in the appraisal process that is mandatory once demanded and has been demanded by Plaintiff.

21.     Defendant's failure to participate in the appraisal process is a breach of its obligations under the Policy.

22.     As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $1,000,000.00 exclusive of attorney's fees, interest, and costs.

## COUNT TWO: DECLARATORY JUDGEMENT

23.     Plaintiff hereby incorporate by reference paragraphs one through twenty-two as though fully rewritten herein.

24.     Plaintiff's property sustained damage as a result of the December 11, 2021 storm.

25.     The parties fail to agree on the amount of Loss caused by the subject storm.

26. Plaintiff demanded the amount of Loss be determined by an appraisal as provided for in the Policy.

27. Defendant has failed to participate in an appraisal which is mandatory once demanded by either party.

28. Plaintiff is entitled to declaratory judgment establishing the rights of the parties under the written instrument, the policy, and compelling Defendant to participate in an appraisal.

**WHEREFORE**, pursuant to the General Allegations and Counts I and II of the Complaint, Plaintiff prays for an Order requiring the parties to resolve the disputed amount of Loss at appraisal and to stay litigation until after said appraisal issues its award. Additionally, Plaintiff prays for judgment against Defendant in an amount yet to be determined, but in excess of $1,000,000.00, plus costs expended herein, prejudgment and post judgment interest as well as all other just and appropriate relief to which they may be entitled at law and/or in equity.

Respectfully submitted,

Date: November 14, 2023

/s/ *Anthony A. Remick*
SMITH JADIN JOHNSON, PLLC
Anthony A. Remick
Ohio Bar No.: 100812
Timothy D. Johnson
Ohio Bar No. 98515
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
aremick@sjjlawfirm.com
tjohnson@sjjlawfirm.com
**ATTORNEYS FOR PLAINTIFF**